# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 3, 2007

Charles R. Fulbruge III
Clerk

No. 07-10472
Summary Calendar

JENNY NEWTON

Plaintiff-Appellant

v.

SECURITAS SECURITY SERVICES, USA, INC.

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:06-CV-1634

Before HIGGINBOTHAM, STEWART, and OWEN, Circuit Judges.

PER CURIAM:[*]

Jenny Newton filed suit against her former employer, Securitas Security Services, alleging that they terminated her employment in retaliation for complaining of sexual harassment in violation of 42 U.S.C. § 2000e. The district court dismissed Newton's claim for failing to exhaust administrative remedies. We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I

Newton was a Business Development Manager at Securitas in Dallas. In November 2003, Newton alleges that her immediate supervisor, John Williams, sexually harassed her. On January 6, 2004, Newton reported the harassment to the Senior Branch Manager. Securitas investigated Newton's claim, which led to the termination of Williams's employment. Then, in summer 2004, Securitas placed Newton on probation for poor sales performance. Newton received written notice from Securitas on November 1, 2004, stating that her employment would be terminated effective November 15, 2004, because her sales performance had not improved.

Newton filed a precharge questionnaire with the EEOC on September 6, 2005, and then filed a charge on February 27, 2006. The EEOC notified Newton on June 13, 2006, that her charge was untimely and, therefore, the EEOC was dismissing it. Newton filed her present Title VII claim on September 6, 2006, alleging she was fired in retaliation for reporting William's sexual harassment.

On Securitas's summary judgment motion, the district court dismissed Newton's claim, holding that the 300 day limitations period began to run on the date she received the notice of termination – November 1 – and not on the date that her employment actually ended – November 15. Thus, the limitations period in which Newton had to file a charge with the EEOC expired on August 28, 2005 – and Newton filed nothing with the EEOC until September 6. Because Newton failed to timely file with the EEOC, the district court dismissed her Title VII claim for failure to exhaust administrative remedies.

The court held in the alternative that even if the limitations period ran from November 15, Newton's claim was still untimely as the precharge questionnaire filed on September 6 was insufficient to meet 42 U.S.C. § 2000e's charge requirement. Newton did not file her actual charge with the EEOC until February 27, 2006, which was more than 300 days after November 15.

II

"This court reviews a district court's grant of summary judgment de novo, applying the same standards as the trial court. Summary judgment is proper if the evidence shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The Court views all evidence in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor."[1]

Section 2000e-5(e)(1) "is a charge filing provision that 'specifies with precision' the prerequisites that a plaintiff must satisfy before filing suit."[2] The section requires that the plaintiff "must file a charge within the statute time period."[3] "In a state that, like Texas, provides a state or local administrative mechanism to address complaints of employment discrimination, a title VII plaintiff must file a charge of discrimination with the EEOC within 300 days after learning of the conduct alleged."[4]

Newton contends that the district court erred in treating her claim as a "traditional" retaliation claim and that her claim is better analogized to a "hostile work environment claim" and subject to the "continuing violation" doctrine. As evidence of a "continuing violation," Newton submitted an affidavit alleging that her two final pay checks were incorrect; that she was not paid her final commissions for the period ending thirty days from the date of her termination as provided in her employment agreement; that others similarly

---

[1] Jenkins v. Cleco Power, LLC, 487 F.3d 309, 313-14 (5th Cir. 2007) (citations omitted).

[2] National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 109 (2002) (quoting Alexander v. Gardner-Denver Co., 415 U.S. 36, 47 (1974)).

[3] Id.

[4] Huckabay v. Moore, 142 F.3d 233, 238 (5th Cir. 1998); see also Morgan, 536 U.S. at 109 (explaining that in states with "an entity with the authority to grant or seek relief with respect to the alleged unlawful practice, an employee who initially files a grievance with that agency must file the charge with the EEOC within 300 days of the employment practice").

situated were taken off probation; and that an internal memorandum dated 5 May 2005 showed that Securitas was still trying to "justify" her termination.

Newton's arguments do not persuade. Her complaint only alleges termination as the discriminatory conduct. As the Supreme Court has explained, termination is a "discrete act," and "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges."[5] "A discrete retaliatory or discriminatory act 'occurred' on the day that it 'happened.'"[6] Here, that day was when Newton received written notice of her termination:[7] "The operative date from which the . . . filing period begins to run is 'the date of note of termination, rather than the final date of employment.'"[8]

As we have previously explained, the Court's decision in Morgan makes clear that the continuing violations doctrine does not apply to discrete acts.[9] As the Court explained,

> The Court of Appeals applied the continuing violations doctrine to what it termed "serial violations," holding that so long as one act falls within the charge filing period, discriminatory and retaliatory acts that are plausibly or sufficiently related to that act may also be considered for the purposes of liability. With respect to this holding, therefore, we reverse.
>
> Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify. Each incident of

---

[5] Morgan, 536 U.S. at 113.

[6] Id. at 110.

[7] See Delaware State College v. Ricks, 449 U.S. 250, 258 (1980) ("In sum, the only alleged discrimination occurred–and the filing limitations periods therefore commenced–at the time the tenure decision was made and communicated to Ricks.").

[8] Clark v. Resistoflex Co., 854 F.2d 762, 765 (5th Cir. 1988).

[9] Pegram v. Honeywell, Inc., 361 F.3d 272, 279 (5th Cir. 2004) ("In Nat.'l R.R. Passenger Corp. v. Morgan, the Court held that discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges.").

discrimination and each retaliatory adverse employment decision constitutes a separate actionable "unlawful employment practice." Morgan can only file a charge to cover discrete acts that "occurred" within the appropriate time period. [10]

Newton's complaint did not raise a hostile workplace claim, and therefore we do not consider how, under Morgan, a "continuing violation" would there apply.

As the district court properly concluded Newton's filings with the EEOC were untimely,[11] we AFFIRM.

---

[10] Morgan, 536 U.S. at 114.

[11] We do not reach the issue of whether filing the precharge questionnaire was sufficient.